IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| BRANDON L. LOVELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| CAVALRY SPV I, LLC, and | ) |
| FINKELSTEIN, KERN, STEINBERG | ) |
| & CUNNINGHAM, P.C., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

**COMES NOW** the Defendant, Finkelstein, Kern, Steinberg & Cunningham, P.C. ("FKSC"), and pursuant to the provisions of 28 U.S.C. §§ 1331, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby gives notice of the removal of this action from the Circuit Court for Cocke County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Northeastern Division. Defendant Cavalry SPV I, LLC has joined in and given its consent to this removal. A true and correct copy of Cavalry SPV I, LLC's Consent to Removal is attached hereto as Exhibit "A." In support of this notice of removal, FKSC states as follows:

### I. INTRODUCTION

1. Plaintiff Brandon L. Lovell ("Plaintiff") commenced this action by filing a

1

complaint against Defendants in the Circuit Court for Cocke County, Tennessee, Case Number 34,825-IV on or about February 14, 2018.

2. Plaintiff's complaint asserts a claim against Defendants relating to alleged improper collection of a debt. [*See generally* Complaint.]

3. Based on these allegations, Plaintiff purports to assert a federal claim against Defendants under the Fair Debt Collection Practices Act ("FDCPA"). [*Id.*]

4. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION JURISDICTION

5. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff is asserting a claim against Defendants based upon an alleged violation of the FDCPA, which is a federal consumer protection statute. [*See* Complaint; *see also* 15 U.S.C. § 1692 *et seq.*]

7. Accordingly, Plaintiff's FDCPA claim arises under the laws of the United States and could have been originally filed in this Court. *See Boone v. JP Morgan Chase Bank, N.A.*,

447 F. App'x 961, 963 (11th Cir. 2011) (holding that removal was proper because the district court had subject-matter jurisdiction over the claims that were based on alleged violations of federal statutes including the FDCPA).

### III. ADOPTION AND RESERVATION OF DEFENSES

8.  Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitration of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### IV. PROCEDURAL REQUIREMENTS

9.  This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

10. True and correct copies of "all process, pleadings, and orders" filed to date are attached hereto as Exhibit "B" in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleadings, or orders served upon Defendant to date in this case.

11. This notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446.

12. Defendant has heretofore sought no similar relief.

13. The United States District Court for the Eastern District of Tennessee, Northeastern Division, is the court and division embracing the place where this action is pending in state court.

14. Contemporaneously with the filing of this notice of removal, Defendant has filed a copy of same with the clerk of the Circuit Court for Cocke County, Tennessee and

3

Case 2:18-cv-00034-TAV-MCLC Document 1 Filed 03/15/18 Page 3 of 4 PageID #: 3

a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

15. Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Cocke County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Northeastern Division.

Respectfully submitted this 15th day of March, 2018.

                                                */s/ Daniel J. Chung*
                                                Ron Cunningham, BPR# 901
                                                Daniel J. Chung, BPR# 33241
                                                Finkelstein, Kern, Steinberg & Cunningham, P.C.
                                                P.O. Box 1
                                                Knoxville, TN 37901
                                                (865) 525-0238
                                                ron@fksclaw.com
                                                dchung@fksclaw.com
                                                Attorneys for Defendant
                                                Finkelstein, Kern, Steinberg & Cunningham, P.C.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses via first-class, United States mail, postage prepaid, on this the 15th day of March, 2018.

Alan C. Lee, Esq
PO Box 1357
Talbott, TN 37877-1357

                                                */s/ Daniel J. Chung*
                                                Daniel J. Chung